**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| AXIOM SPACE, INC., | § | |
| Plaintiff, | § | |
| | § | Civil No. |
| v. | § | |
| | § | **JURY DEMANDED** |
| RAMZI MASRI-ELYAFAOUI, | § | **TRO, PRELIMINARY** |
| Defendant. | § | **INJUNCTION, AND PERMANENT** |
| | § | **INJUNCTION REQUESTED** |
| | § | |

**ORIGINAL COMPLAINT**

**INTRODUCTION**

1.      Plaintiff Axiom Space, Inc. ("Axiom Space" or the "Company") has a business that depends on safeguarding the confidential information that the Company has devoted substantial time and resources to develop. Axiom Space places trust in individuals, and the Company holds them accountable when they handle this type of sensitive information and important property—all of which support vital missions in space exploration. To protect the Company's confidential and proprietary information, employees of Axiom Space acknowledge the criticality and sensitive nature of this information, acknowledge their trust relationship with and duty to the Company to safeguard it, and agree to steadfastly protect it—including acknowledging that a one-year period not to compete with Axiom Space is both reasonable as well as essential for the Company to further its important work in the space industry.

2.      Axiom Space brings this action against its former employee, Ramzi Masri-Elyafaoui ("Masri-Elyafaoui" or "Defendant"), to enforce the terms of a valid and binding Employee Confidential Information and Invention Assignment Agreement ("CIIAA") that Defendant executed as a condition of his employment with Axiom Space.

3.　　Masri-Elyafaoui served as Axiom Space's Senior Policy Advisor and Government Relations Manager, positions in which he was entrusted with highly sensitive and confidential information about Axiom Space's political strategy, legislation and rule-making strategy, competitive positioning, government relations initiatives, and strategic business plans. Although trained as a lawyer, Defendant was never part of the legal department of Axiom Space; nor did he practice law on behalf of Axiom Space or otherwise provide legal advice to the Company at any point during his employment.

4.　　On April 10, 2026, Masri-Elyafaoui gave notice to terminate his position at Axiom Space and to accept a position with Vast, Inc. ("Vast"), Axiom Space's direct competitor in the commercial space station market, and the Private Astronaut Mission ("PAM") market. This conduct constitutes a clear violation of Masri-Elyafaoui's CIIAA, which prohibits him from working for a competing business for a period of one year following his separation from Axiom Space.

5.　　Axiom Space seeks a temporary restraining order alongside injunctive relief to enforce the non-competition and confidentiality provisions of Masri-Elyafaoui's CIIAA and to prevent irreparable harm to Axiom Space's business interests. In doing so, Axiom Space alleges the following:

**NATURE OF THE ACTION**

6.　　This is an action for breach of contract and breach of fiduciary duty under Texas law arising from Defendant's act of taking Axiom Space's confidential information to work for Axiom Space's direct competitor in violation of Defendant's CIIAA.

## PARTIES

7.      Axiom Space is a corporation organized under the laws of Delaware, with its principal place of business in Houston, Texas.

8.      Defendant Ramzi Masri-Elyafaoui served as Axiom Space's Government Relations Manager from October 2023 to September 2025 and served as Senior Policy Advisor since September 2025. In connection with his employment, Masri-Elyafaoui executed Axiom Space's CIIAA, which imposes confidentiality obligations, requires the immediate return of company property upon separation, and includes a one-year non-compete provision. The CIIAA selects Texas law and includes Masri-Elyafaoui's express consent to jurisdiction and venue in Texas courts. Masri-Elyafaoui is an individual whose last known location is 2717 Harrington Rd., Chester, MD 21619.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Axiom Space's lost profits and the value of its confidential information placed at risk by Defendant's actions exceed $75,000.

10.      Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in this District. Defendant consented to Texas jurisdiction and venue in his CIIAA, and the CIIAA authorizes Axiom Space to seek injunctive relief in Texas courts.

## FACTUAL ALLEGATIONS

### Axiom Space Is an Industry Leader.

11.     Axiom Space is a pioneering American aerospace company headquartered in Houston, Texas, focused on advancing human space exploration through the development of commercial space infrastructure. Founded in 2016 by Michael Suffredini, a former NASA International Space Station ("ISS") Program Manager, and Kam Ghaffarian, the company aims to create a thriving ecosystem in low Earth orbit ("LEO"). Axiom Space is in the process of constructing the world's first commercial space station, Axiom Station. And the company has already made significant strides, including orchestrating four private astronaut missions to the ISS as well as developing next-generation spacesuits for NASA. Its efforts are driven by a mission to expand access to space for research, manufacturing, and human habitation.

12.     Axiom Space has achieved several notable milestones and garnered recognition for its innovative contributions. In 2020, it successfully completed the System Requirements Review for Axiom Station with NASA, marking a critical step in its development. The company made history in April 2022 with the Ax-1 mission, the first all-private astronaut mission to the ISS. This mission paved the way for future private spaceflight endeavors. In 2022, Axiom Space was awarded NASA's first task order to design and to build next-generation spacesuits for the Artemis program, highlighting its role in supporting lunar exploration.

13.     Axiom Space celebrated its ninth anniversary in August 2025, marking nearly a decade of advances in private astronaut missions, spacesuit development, space station construction, and philanthropic initiatives. For example, its Science, Technology, Art, and Research in Space Scholarship—launched in 2021—awarded $1,000 grants to students for innovative microgravity research proposals, underscoring Axiom Space's commitment to

education and innovation. Axiom Space is a recognized trailblazer in the emerging commercial space economy. Its growth and accomplishments have been acknowledged across government and industry, and its Houston headquarters has become a center of gravity for commercial low-Earth-orbit activity.

**Axiom Space Maintains and Safeguards Confidential Information.**

14.     As a byproduct of its industry-leading efforts, Axiom Space has developed, documented, trained on, enforced, and thereby protected valuable confidential information, including but not limited to political and regulatory compliance strategies; legislative strategies; trade secrets; financial plans and financial projections; processes, procedures, training protocols, financial plans and financial projections; proprietary customer lists; and procedures for conducting medical research in conditions of microgravity—any and all of which derive independent economic value from their secrecy and are subject to reasonable efforts to maintain confidentiality (collectively, the "Confidential Information").

15.     Axiom Space's commercial success rests on information assets that competitors cannot replicate without access to Axiom Space's internal work product. The Confidential Information derives independent economic value from not being generally known and is subject to robust protective measures including CIIAAs, NDAs, need-to-know access, two-factor authentication on model repositories, marked confidentiality legends, IT security and threat monitoring, and return-of-property obligations at separation.

16.     The commercial space station industry is intensely competitive, with only a limited number of companies capable of competing for government contracts and commercial partnerships in this specialized market.

**Masri-Elyafaoui's Employment with Axiom Space**

17.    Masri-Elyafaoui was employed by Axiom Space as Axiom Space's Government Relations Manager from October 2023 to September 2025 and served as Senior Policy Advisor since September 2025.

18.    In his role, Masri-Elyafaoui was central to Axiom Space's political, legislative, and rulemaking strategy, including its efforts on Capitol Hill, with regulatory agencies, and with the White House.

19.    By virtue of his position, Masri-Elyafaoui had access to and knowledge of Axiom Space's most sensitive Confidential Information, including competitive analysis regarding Axiom Space's competitors, the status of Axiom Space's space program, legislation and rulemaking strategies, customer information, messaging strategies, and other strategic initiatives.

20.    Masri-Elyafaoui's role required him to develop deep familiarity with Axiom Space's competitive positioning vis-à-vis its rivals in the commercial space station market, including Vast.

21.    Masri-Elyafaoui, though legally trained, never once provided legal advice to Axiom Space, acted as an attorney on behalf of Axiom Space, or performed legal services for Axiom Space. His role was limited to government relations and not the practice of law.

**Masri-Elyafaoui Executed a Non-Compete and Confidential Agreement**

22.    As a condition of his employment with Axiom Space, Masri-Elyafaoui executed a CIIAA on October 10, 2023. The CIIAA constituted a valid, enforceable contract between Axiom Space and Masri-Elyafaoui. In doing so, Masri-Elyafaoui agreed that the terms of the CIIAA are reasonable and necessary for Axiom Space to protect the Company's assets.

23.     The CIIAA required that Masri-Elyafaoui hold in confidence and not disclose or use any Confidential Information, except as required in connection with his work for Axiom Space. Specifically, the CIIAA required perpetual confidentiality; immediate return and no retention of company information at separation; assignment of all intellectual property developed during the scope of employment; one-year non-solicitation of Axiom Space employees, contractors, customers, and potential customers; one-year post-employment non-compete; and an injunctive-relief carve-out thereby authorizing Axiom Space to seek court-ordered injunctions in Texas. The CIIAA recognizes that misuse of Axiom Space's Confidential Information causes immediate and irreparable injury, entitling Axiom Space to equitable relief to prevent it. And Masri-Elyafaoui agreed to all this as a condition of his employment and in consideration for his compensation.

**Masri-Elyafaoui's Acceptance of Employment with Vast**

24.     On April 10, 2026, Masri-Elyafaoui notified Axiom Space of his intention to leave Axiom Space and his acceptance of a position with Vast. On information and belief, his employment is near imminent with Vast.

25.     Vast is a direct competitor of Axiom Space in the commercial space station market as well as the PAM market. Both companies are competing for the same limited pool of government contracts and commercial partnerships in the commercial low-Earth orbit sector.

26.     Masri-Elyafaoui's acceptance of employment with Vast constitutes a direct violation of his CIIAA, which prohibits him from working for a competing business for one year following his separation from Axiom Space.

27.     Axiom Space has not consented to Masri-Elyafaoui's employment with Vast, nor has Axiom Space waived any of its rights under the CIIAA.

28.    By virtue of his position at Axiom Space, Masri-Elyafaoui possesses detailed knowledge of Axiom Space's political, legislative, rulemaking, and regulatory strategies, competitive positioning, customer relationships, and strategic business plans.

29.    Masri-Elyafaoui's employment with Vast would inevitably result in the disclosure and use of Axiom Space's Confidential Information for the benefit of a direct competitor.

30.    The disclosure of Axiom Space's Confidential Information to Vast would cause irreparable harm to Axiom Space that cannot be adequately compensated by monetary damages.

31.    Because of the specialized nature of the commercial space station industry and the limited number of competitors, even the appearance that Axiom Space's Confidential Information has been shared with a competitor could damage Axiom Space's relationships with government agencies, partners, and customers. What is more, and in undertaking to become an employee of Axiom Space, Defendant understood that the trust Axiom Space placed within him also necessarily meant that he needed to abide by all the terms of the CIIAA as part of the bargain to gain access to important information affecting competition in the space industry. In doing so, Defendant owed a duty of trust and loyalty to Axiom Space extended by the provisions to which he agreed under the CIIAA.

**FIRST CAUSE OF ACTION: Breach of Contract (Texas Common Law)**

32.    Axiom Space incorporates all preceding and succeeding paragraphs as if fully set forth here.

33.    During the period of his tenure at Axiom Space, Defendant was bound by the CIIAA which constituted a valid, enforceable contract between the parties. The CIIAA contained provisions restricting Defendant from disclosing Axiom Space's Confidential Information and contained one-year post-employment non-compete and non-solicitation provisions.

34. Defendant's employment with Vast immediately following his employment with Axiom Space results in a clear violation of the non-compete provision of the CIIAA because Defendant accepted employment with a direct competitor within one year of his employment with Axiom Space.

35. Defendant's employment with Vast would inevitably result in the disclosure and use of Axiom Space's Confidential Information in violation of the CIIAA.

36. Axiom Space performed its obligations under the CIIAA during Defendant's employment with Axiom Space.

37. By accepting employment with Vast, a direct competitor of Axiom Space, Defendant has breached and continues to breach the CIIAA.

38. Defendant's breaches of the CIIAA proximately caused Axiom Space damages, including monetary damages as well as irreparable harm to business and intellectual property.

39. There is no remedy at law adequate to prevent the irreparable harm caused by Defendant's breaches, thereby necessitating the entry of a temporary restraining order and preliminary and permanent injunctive relief.

**SECOND CAUSE OF ACTION: Breach of Fiduciary Duty / Duty of Loyalty (Texas Common Law)**

40. Axiom Space incorporates all preceding and succeeding paragraphs as if fully set forth here.

41. During his tenure as Government Relations Manager and Senior Policy Advisor at Axiom Space, Defendant was placed in a position of trust and, therefore, owed fiduciary duties of loyalty and fidelity to Axiom Space in carrying out his job duties for the Company. This position of trust stood alone independent of any contract.

42. Defendant was entrusted with Axiom Space's most sensitive Confidential Information regarding its political strategy, competitive positioning, and strategic business plans.

43. Defendant owed fiduciary duties to Axiom Space, including duties of loyalty and confidentiality.

44. By accepting employment with a direct competitor while in possession of Axiom Space's Confidential Information, Defendant has breached his fiduciary duties to Axiom Space.

45. As the direct and proximate result of Defendant's breach of fiduciary duty, Axiom Space has suffered and continues to suffer damages and economic injury to its business, including diverted opportunities and eroded goodwill as well as irreparable harm to business and intellectual property.

46. There is no remedy at law adequate to prevent the irreparable harm caused by Defendant's breaches, thereby necessitating the entry of a temporary restraining order and preliminary and permanent injunctive relief.

## REQUEST FOR RELIEF

Axiom Space respectfully requests that this Court:

A. Issue a temporary restraining order and preliminary and permanent injunction enjoining Defendant from:

> (i) Commencing or continuing employment with Vast, Inc. or any other business that competes with Axiom Space for the duration of the restricted period under the CIIAA;

> (ii) Using or disclosing any of Axiom Space's Confidential Information; and

> (iii) Committing further violations of the CIIAA;

B. Award Axiom Space reasonable attorney's fees and costs as permitted by law;

10

C. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Axiom Space demands a trial by jury on all issues so triable.

\*      \*      \*      \*

Dated: April 13, 2026

Respectfully submitted,

KING & SPALDING LLP

*/s/ Jesse Snyder*

Jesse Snyder (Attorney in Charge)
Texas Bar No. 24083884
1700 Pennsylvania Avenue, NW Suite 900
Washington, DC 20006-4707
Telephone: 202.737.0500
Facsimile: 202.626.3737
jsnyder@kslaw.com

Veronica Moyé
Texas Bar No. 24000092
Mu Lin Hsu
Texas Bar No. 24106118
2601 Olive Street Suite 2300
Dallas, TX 75201
Telephone: 214.764.4600
Facsimile: 214.764.4601
vmoye@kslaw.com
chsu@kslaw.com

**Attorneys for Axiom Space, Inc.**

11