**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| AXIOM SPACE, INC., | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 4:26-cv-02931 |
| v. | § | |
| | § | **JURY DEMANDED** |
| RAMZI MASRI-ELYAFAOUI, | § | **TRO, PRELIMINARY** |
| Defendant. | § | **INJUNCTION, AND PERMANENT** |
| | § | **INJUNCTION REQUESTED** |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**FEDERAL RULE OF CIVIL PROCEDURE 26(F)**

Please restate the instruction before furnishing the information.

1.     State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

The parties held a Rule 26(f) meeting on April 30, 2026 virtually over Microsoft Teams. Jesse Snyder and Mu Lin Hsu attended for Plaintiff. Robert S. Shwarts and Melanie Chan attended for Defendant.

2.     List the cases related to this one that are pending in any state or federal court with the case number and court.

None.

3.     <u>Briefly</u> describe what the case is about.

Axiom Space is seeking injunctive relief for breach of contract based on four separate provisions: noncompete, non-solicitation, breach of confidentiality, and breach of trust.

4.     Specify the allegation of federal jurisdiction.

Axiom Space alleges that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Axiom Space is a corporation organized under the laws of Delaware, with its principal place of business in Houston, Texas. Masri-Elyafaoui is an individual whose last known location is 2717 Harrington Rd., Chester, MD 21619. Axiom Space alleges its lost profits and the value of its confidential information placed at risk by Defendant's actions exceed $75,000. Defendant contends that Plaintiff cannot satisfy the $75,000-amount-in-controversy requirement because Plaintiff did not assert relief in the form of damages. That is an incorrect statement of the law.

5.      Name the parties who disagree and the reasons.

Defendant disagrees with the assertion of jurisdiction. Plaintiff is not seeking monetary damages; accordingly, Plaintiff cannot meet the amount in controversy requirement.

6.      List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

None currently. Defendant's current employer Vast, Inc. ("Vast"), could potentially be named as a co-defendant.

7.      List anticipated interventions.

None.

8.      Describe class-action issues.

None.

9.      State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.

The parties agree to exchange Rule 26(a) initial disclosures by **May 7, 2026**.

10.     Describe the proposed agreed discovery plan, including:

A.      Responses to all the matters raised in Rule 26(f).

- Rule 26(f)(3)(A): The parties agree to exchange Rule 26(a) initial disclosures by **May 7, 2026**.
- Rule 26(f)(3)(B): Discovery will be limited to Defendant's role at Axiom Space; the non-public information he allegedly obtained there; the nature and scope of Axiom Space's alleged confidential information (including but not limited to its efforts to keep

such information confidential); his new role at Vast; and communications between Defendant and Vast concerning his employment and any alleged use of Axiom Space's non-public information. Plaintiff anticipates that limited third-party discovery may be necessary to the extent certain information is uniquely held by non-parties, but Plaintiff expects that to be narrow and proportional.

- Rule 26(f)(3)(C): No current issues about disclosure, discovery, or preservation of electronically stored information.
- Rule 26(f)(3)(D): No current issues regarding attorney client privilege or work product.
- Rule 26(f)(3)(E):
  - Each Party may serve no more than 10 requests for production of documents, no more than 10 interrogatories, including subparts, and no more than 10 requests for admission.
  - Written requests shall be exchanged by **May 7, 2026**. Answers to discovery requests are due within 10 calendar days of receipt of the requests (or by the next business day following such 10-day period if the last day of the period falls on a weekend or federal holiday).
  - The cutoff for fact discovery (including fact depositions) is on **June 8, 2026**.
  - Each side shall be permitted to take no more than two (2) depositions for fact witnesses. Each side may choose to utilize 1 of their depositions to be of a corporate representative. Corporate representative deposition notices may be issued for a maximum of five (5) topics. Regardless of the number of corporate representatives designated in response to a corporate representative deposition notice, each party shall be entitled to a total time on the record of 14 hours for all fact depositions regardless of whether the witness deposed is a fact or corporate representative or both. (For example, one party may choose to take 1 fact witness deposition for 5 hours and split the remaining 9 hours among corporate representatives for a total time on record of 14 hours.)
- Rule 26(f)(3)(F): The parties will submit a proposed protective order for the Court consideration.

  B.  When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiff intends to propound interrogatories on Defendant and Vast by May 7, 2026. Plaintiff also intends to request forensic imaging of Defendant's cellular phone. Defendant will then produce those images as documents by May 18, 2026.

  C.  When and to whom the defendant anticipates it may send interrogatories.

Defendant may propound interrogatories to plaintiff by May 7, 2026.

  D.  Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff intends to take deposition of Defendant and a corporate representative at Vast by June 8, 2026.

E.      Of whom and by when the defendant anticipates taking oral depositions.

Defendant intends to take the oral deposition of Jared Stout and a corporate representative.

F.      When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

Parties stipulate that expert discovery and reports are not necessary for this case.

G.      List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  *See* Rule 26(a)(2)(B) (expert report).

Parties stipulate that expert discovery and reports are not necessary for this case.

H.      List expert depositions the opposing party anticipates taking and their anticipated completion date.  *See* Rule 26(a)(2)(B) (expert report).

Parties stipulate that expert discovery and reports are not necessary for this case.

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

None.

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

None.

13.    State the date the planned discovery can reasonably be completed.

June 8, 2026.

14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

The parties are open mediation to settle the dispute at issue.

15.    Describe what each party has done or agreed to do to bring about a prompt resolution.

Plaintiff has offered to pay Defendant's salary during the enforcement period of the non-compete. Defendant has stated that in light of the Court's ruling on Plaintiff's request for a temporary restraining order, Plaintiff should voluntarily dismiss the case with prejudice.

16.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

The parties are open mediation to settle the dispute at issue.

17.    Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

Plaintiff does not consent to trial before magistrate judge.

18.    State whether a jury demand has been made and if it was made on time.

Jury demand has been made on time. Because Plaintiff seeks injunctive relief only, the jury would serve in an advisory capacity. Defendant disputes that there are issues that require a determination by a jury.

19.    Specify the number of hours it will take to present the evidence in this case.

15 hours.

20.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.

None.

21.    List other motions pending.

Preliminary Injunction Request.

22.     Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

Due to the abbreviated two-month pre-trial period, an expedited discovery and briefing schedule is necessary. The parties agreed to the discovery schedule outlined in Item 10 of this Joint Discovery and Case Management Plan and to the following schedule for responsive pleadings and any Rule 12 motions:

(a)     Plaintiff shall file any amended complaint no later than May 4, 2026.
(b)     Defendant's answer or Rule 12 motion shall be due within seven (7) days of the filing of the amended complaint.
(c)     All other motions, including dispositive motions and discovery motions, shall be filed no later than June 1, 2026.
(d)     Any response or opposition to a motion shall be due within seven (7) days of the filing of such motion.
(e)     Any reply in support of a motion shall be due within four (4) days of the filing of the opposition.
(f)     All deadlines are calculated in calendar days. If a deadline falls on a weekend or federal holiday, it shall be extended to the next business day. To the extent that resolution of a discovery motion goes past the discovery cutoff, the parties agree that the discovery cutoff shall be extended as necessary to effectuate any eventual court order, not disrupt the trial date in this case.

23.     List the names, bar numbers, addresses and telephone numbers of all counsel.

| | |
|---|---|
| Jesse Snyder (Attorney in Charge)<br>Texas Bar No. 24083884<br>King & Spalding LLP<br>1700 Pennsylvania Avenue, NW Suite 900<br>Washington, DC 20006-4707<br>Telephone: 202.737.0500<br>Facsimile: 202.626.3737<br>jsnyder@kslaw.com<br><br>Veronica Moyé<br>Texas Bar No. 24000092<br>Mu Lin Hsu<br>Texas Bar No. 24106118<br>King & Spalding LLP<br>2601 Olive Street Suite 2300<br>Dallas, TX 75201<br>Telephone: 214.764.4600<br>Facsimile: 214.764.4601 | Ryan Wooten<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>609 Main Street, 40th Fl.<br>Houston, TX 77002<br>(713) 658-6617<br>rwooten@orrick.com<br><br>Robert S. Shwarts (*pro hac vice*)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>405 Howard Street<br>San Franciso, CA 94105<br>(415) 773-5760<br>rshwarts@orrick.com<br><br>Melanie K. Chan (*pro hac vice*)<br>Cameron A. Kasanzew (*pro hac vice*) |

| vmoye@kslaw.com chsu@kslaw.com<br><br>**Attorneys for Plaintiff Axiom Space, Inc.** | ORRICK, HERRINGTON & SUTCLIFFE LLP<br>51 W 52$_{nd}$ Street<br>New York, NY 10019<br>(212) 506-5000<br>melanie.chan@orrick.com<br>ckasanzew@orrick.com<br><br>**Attorneys for Defendant** |
| --- | --- |

Counsel for Plaintiff(s)____/s/_Jesse_Snyder_____     Date____5/4/2026_____

_____

_____

Counsel for Defendant(s)__/s/ Robert S. Shwarts (w/ permission)     Date_____5/4/2026_____

_____

_____